UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.:

CLAUDIA MORINA BRAVO, on her own
behalf and on behalf of others similarly
situated,

      Collective Action Complaint

    Plaintiff,

v.

FAJAS DEPOT, LLC a Florida for Profit
Limited Liability Corporation, and
MARGARITA ECHEMENDIA, an
individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, CLAUDIA MORINA BRAVO ("Plaintiff") on her own behalf and on behalf of others similarly situated ("Class Members"), by and through undersigned counsel, hereby sues Defendants, FAJAS DEPOT, LLC a Florida for Profit Limited Liability Corporation, and MARGARITA ECHEMENDIA, an individual, collectively ("Defendants"), by filing this Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter, the "Act" or "FLSA"), declaration of rights and other relief, and states:

## INTRODUCTION

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

working hours and labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *See Barrentine* v. *Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made, in event of delay, in order to insure restoration of the worker to that minimum standard of well-being. *See Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08 (1945).

## I. NATURE OF THE CASE

1. This action is brought pursuant to the FLSA for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, a declaration of rights and breach of contract.

## II. JURISDICTION AND VENUE

2. This is an action by Plaintiff against Defendants involving events that occurred in Miami-Dade County, Florida.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in Miami-Dade County, Florida; because all wages were earned and due to be paid in Miami-Dade County, Florida; because Defendants' business is situated in Miami-Dade County, Florida; and because most, if not all, of the operational decisions were made in Miami-Dade County, Florida.

4. This Court has original jurisdiction over Plaintiff's federal question claims.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## III. PARTIES

5. Plaintiff is a resident of Miami-Dade County, Florida, and is *sui juris*.

6. Defendant, FAJAS DEPOT, LLC (hereinafter "FAJAS DEPOT") is a Florida corporation that owns and operates several "Faja Depot" stores located in Miami-Dade and Broward County, Florida.

7. Defendant, MARGARITA ECHEMENDIA (hereinafter "ECHEMENDIA") is a resident of Miami-Dade County, Florida, and is *sui juris*.

8. ECHEMENDIA is an individual, *sui juris* and an owner of FAJAS DEPOT. ECHEMENDIA acted directly and indirectly in the interest of FAJAS DEPOT. ECHEMENDIA managed FAJAS DEPOT and had the power to direct employees' actions. ECHEMENDIA had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at FAJAS DEPOT in accordance with the FLSA, making ECHEMENDIA an employer pursuant to 29 U.S.C. § 203(d).

## III. COVERAGE

9. During all material times, FAJAS DEPOT was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said enterprise had employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees handling, selling, or otherwise

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

working on goods or materials that have been moved in or produced for interstate commerce by any person.

10. During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

11. During all material times, Defendants had two or more employees who moved goods in interstate commerce.

12. During all material times, the enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## GENERAL ALLEGATIONS

13. Plaintiff was employed by Defendants from approximately October 3, 2014 to April 15, 2015, then September 15, 2015 to November 30, 2015 (the "Relevant Time Period").

14. During that time, Plaintiff's worked as a sales-person, was non-exempt, and was to be paid the Florida minimum wage for regular hours and one-and-half times the minimum wage for hours worked in excess of 40 per week (overtime).

15. In 2014 the Florida minimum wage was $7.93/hr. and in 2015, the Florida minimum wage was $8.05/hr.

16. Plaintiff also received a commission based upon her sales.

17. Plaintiff was scheduled to work between 37 to 40 hours each week but frequently worked more hours than she was scheduled to work.

18. Plaintiff was not paid for some of the hours she worked each week.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

19. As a result, Plaintiff routinely worked an average of approximately 47 to 52 hours per workweek for which she was frequently only paid for the hours she was scheduled and not the actual number of hours she worked.

20. Defendants knew or showed reckless disregard for whether their conduct was prohibited by statute, and Defendants willfully failed to pay Plaintiff her regular rate of pay and overtime pay, thereby denying Plaintiff the applicable minimum wage under the FLSA.

21. Plaintiff is a non-exempt employee of Defendants under the FLSA.

22. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, plus incurring costs and reasonable attorney's fees.

23. Plaintiff has engaged the undersigned counsel and is obligated to pay a reasonable fee for his services.

24. All conditions precedent to commencing and maintaining this action have been performed, excused or waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff seeks certification of collective action from this court, for herself, and those similarly situated, pursuant to 29 U.S.C. § 216(b).

26. Plaintiff and the putative class members who worked at Defendants' stores performed the same or similar jobs as one another in that they were employed as sales representatives for Defendants.

27. Plaintiff and the putative class members were subjected to similar policies in that Defendants failed to pay Plaintiff and the putative class members for some of their compensable hours worked which included regular and overtime hours.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

28. These policies or practices were applicable to Plaintiff and the putative class members of this collective action. Application of these policies or practices does not depend on the personal circumstances of each Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the failure to properly pay for straight-time and overtime hours worked apply to all members of the collective action. Accordingly, members of the collective action are properly defined as:

> **All persons who worked at Defendants' stores as sales representatives during the three (3) years preceding this lawsuit and who were subjected to Defendants' policy of failing to pay for all hours worked for one or more weeks during the Relevant Time Period.**

29. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

30. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay for all hours worked.

31. Defendants violated § 207(a)(l) and § 2l5(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks, without compensating such employees for their work at their applicable wage rate for all hours worked up to forty in a week or at the overtime rate of time-and-one-half for all hours worked in excess of forty hours in a work week.

32. Thus, Defendants acted willfully by failing to pay Plaintiffs, and those similarly situated class members, in accordance with the law.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

# COUNT I
# FAILURE TO PAY MINIMUM WAGE IN
# <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*</u>

33. Plaintiff re-alleges, readopts and reincorporates paragraphs 1 through 32 as though set forth fully herein and further alleges:

34. Plaintiff is seeking her regular wages for the hours she worked and was not paid under the FLSA.

35. Defendants willfully and intentionally withheld wages due to Plaintiff for the hours she worked in excess of forty hours in a workweek which Defendants suffered or permitted her to work.

36. Defendants owe Plaintiff her full regular wage for each hour worked and was not paid.

37. As a direct and proximate result of suffering or permitting Plaintiff to work hours without compensation, Plaintiff has been damaged for one or more weeks of work with Defendants.

**WHEREFORE,** Plaintiff demands the entry of judgment in her favor and against Defendants as follows:

a) Award Plaintiff payment of her regular wages for the hours she worked which Defendants suffered or permitted her to work and which have not been properly compensated;

b) Award Plaintiff liquidated damages equal to the payment of her regular wages for the hours she worked or, if liquidated damages are not awarded, then prejudgment interest;

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

c) Award Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE IN
## **VIOLATION OF THE FLSA, 29 U.S.C. § 201,** *et seq*

38. Plaintiff re-alleges, readopts and reincorporates paragraphs 1 through 32 as though set forth fully herein and further alleges:

39. Plaintiff is seeking her overtime wages for the hours she worked in excess of forty hours in a workweek under the FLSA which Defendants did not pay her.

40. Defendants willfully and intentionally withheld wages due to Plaintiff for overtime hours suffered or permitted to work and for which she was not paid.

41. Defendants owe Plaintiff her full overtime wage for each hour worked in excess of forty hours in a week for the hours she worked but was not paid for.

42. It was Defendants' business practice to pay not pay their employees for all of the hours each worked each week such as hours for worked performed before the store had opened their shifts and for work performed after their shift had ended or the store had closed.

43. As a direct and proximate result of suffering or permitting Plaintiff to work overtime hours without compensation, Plaintiff has been damaged for one or more weeks of work with Defendants.

**WHEREFORE,** Plaintiff demands the entry of judgment in her favor and against Defendants as follows:

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

a) Award Plaintiff payment of all overtime hours at the full overtime wage due her for the hours Defendants suffered or permitted her to work which have not been properly compensated;

b) Award Plaintiff liquidated damages equal to the payment of all overtime hours at the full overtime wage owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

44. Plaintiff re-alleges, readopts and reincorporates paragraphs 1 through 43 as though set forth fully herein, and further allege as follows:

45. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

46. Defendants did not rely on a good faith defense under the FLSA in failing to pay Plaintiff her regular and overtime wages for the hours that she worked during the Relevant Time Period.

47. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue as Plaintiff may seek employment with Defendants in the future and that Class Members are still employed and working for Defendants.

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

48. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff and Defendants now and in the future.

WHEREFORE, Plaintiff demands the entry of judgment in his favor and against Defendants as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff costs; and

d) Award such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 18, 2017.

/s/ Lowell J. Kuvin
Lowell J. Kuvin, Esq.
Fla. Bar No.: 53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin, LLC
17 East Flagler St., Suite 223
Miami, Florida 33131
Tele: 305.358.6800
Fax: 305.358.6808
*Attorneys for Plaintiff*

10

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808